## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

Case No.:

CHET MORRISON CONTRACTORS,
LLC, a Louisiana limited liability corporation,

      Plaintiff,

v.

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, a Connecticut
corporation,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant, Travelers Casualty and Surety Company of America ("Travelers" or "Defendant"), hereby removes to the U.S. District Court for the Middle District of Florida the state court action described herein, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for its removal states:

### Introduction

1.     On July 19, 2024, Plaintiff Chet Morrison Contractors, LLC ("Morrison" or "Plaintiff") filed a complaint (the "Complaint") in the Circuit Court of the Fourth Judicial Circuit of Duval County of the State of Florida, styled as *Chet Morrison Contractors, LLC v. Travelers Casualty and Surety*

1

*Company of America,* Case No. 16-2024-CA-004010-AXXX-MA (the "State Court Action").

2.      The State Court Action is Morrison's disputed claim against Travelers' payment bond issued for a construction project in Guantanamo Bay, Cuba (the "Project").

3.      Morrison seeks compensatory damages against Travelers plus prejudgment interest, attorney fees, and costs. Compl. at 6.

4.      Morrison has not served Travelers as of the date of this filing.

## BASIS FOR REMOVAL

I.    **Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

5.      Pursuant to 28 U.S.C. § 1332, the District Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in the District Court and is now properly removed to the District Court.

6.      Morrison is a foreign limited liability company organized and existing under the laws of Louisiana and registered in Florida with its principal place of business in Houma, Louisiana.

7.      Because Morrison is a foreign limited liability company it "is a citizen of any state of which a member of the company is a citizen." *Rolling*

*Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Complaint does not plead the places of citizenship of Morrison's members. Morrison is comprised of members Chester F. Morrison, Jr. and Leroy F. Guidry, Jr. Mr. Morrison is a citizen of and is domiciled in Texas and Mr. Guidry is a citizen of and domiciled in Louisiana.

8.      Travelers is a corporation organized under the laws of Connecticut, and maintains its principal place of business in Hartford, Connecticut. Compl. at 1.

9.      A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). For purposes of jurisdiction, Travelers is a citizen of Connecticut.

10.      While Morrison's Complaint does not expressly specify a monetary amount sought, it is apparent from the Complaint that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

11.      The amount in controversy meets the jurisdictional requirements. Morrison alleges in its Complaint that it is owed monies under the Settlement Agreement and the Subcontract. Island Mechanical Contractor, Inc. ("IMC"), the party which Morrison contracted with, disputes that Morrison is owed $2,767,500 under the Settlement Agreement because Morrison abandoned the Project and did not finish its work. This is subject to ongoing litigation *Islands Mechanical Contractor, Inc. v. Chet Morrison Contractors, LLC*, United States

District Court, Middle District of Florida, Civil Action File No. 3:24-cv-00346 and *Chet Morrison Contractors, LLC, v. Travelers Casualty and Surety Company of America,* United States District Court, Middle District of Florida, Civil Action File No. 3:24-cv-00471 that involve monies in excess of the amount in controversy.

12.    Morrison specifically indicated on its State Civil Cover Sheet that the estimated amount of its claims is in excess of $100,000. Civ. Cover Sheet at 1.

## II.    Defendants Have Satisfied the Procedural Requirements for Removal.

13.    Morrison filed the Complaint in Circuit Court of the Fourth Judicial Circuit of Duval County on July 19, 2024. Travelers has not been served as of the date of this filing. This Notice of Removal is timely filed within 30 days of the service of summons. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

14.     Pursuant to 28 U.S.C. § 1441(a) this action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending." Venue is proper in the District Court because the U.S. District Court for the Middle District of Florida is the federal jurisdiction embracing the Circuit Court of the Fourth Judicial Circuit of Duval County of the State of Florida where the State Court Action was originally filed.

15.     Morrison's selection of venue was never proper in the Circuit Court of the Fourth Judicial Circuit of Duval County, Florida because the Payment Bond requires any action be commenced in a state court of competent jurisdiction or United States District Court for the county or district in which the project is situated. Since the project is in Guantanamo Bay, Cuba, the United States District Court was always the proper venue. *See e.g., United States on behalf of Salt Energy, LLC v. Lexon Ins. Co.*, No. 19-20473-CIV, 2019 WL 3842290, at *4 (S.D. Fla. Aug. 14, 2019) (finding venue appropriate in the United State District Court where a substantial part of the events in the United States took place given that the construction project was located in a foreign country).

16.     Additionally, Morrison and Travelers are subject to personal jurisdiction in Florida. Morrison and Travelers are authorized to and conduct business in the State of Florida.

17.     After filing this Notice of Removal, Travelers will promptly serve written notice of this Notice of Removal on counsel for all parties and file the same with the Clerk of the Fourth Judicial Circuit of Duval County in accordance with 28 U.S.C. § 1446(d).

18.     True and correct copies of all process, pleadings, and orders served on Travelers in the action pending in Circuit Court of the Fourth Judicial Circuit of Duval County are collectively attached hereto as "Exhibit 1."

19.     No previous application has been made for the removal requested herein.

### Preservation of Rights and Defenses

20.     All rights are reserved including, but not limited to, defenses and objections to venue and personal jurisdiction and the right to move for dismissal of the Complaint. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

21.     Travelers also reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Travelers respectfully gives notice that the above-captioned civil action pending the Circuit Court of the Fourth Judicial Circuit of Duval County of the State of Florida is removed to the U.S. District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated this 1st day of August 2024.

                              **SMITH CURRIE OLES LLP**

                              */s/ Brian A. Wolf*
                              **Brian A. Wolf, Esq.**
                              Florida Bar No. 983683
                              **Christopher M. Horton, Esq.**
                              Florida Bar No. 91161
                              **Kayla M. Wong, Esq.**
                              Florida Bar No. 1049562
                              101 N.E. Third Avenue, Suite 1910
                              Fort Lauderdale, FL 33301
                              Telephone: 954-761-8700
                              Facsimile:  954-524-6927
                              Primary Email: bawolf@smithcurrie.com
                              Primary Email: cmhorton@smithcurrie.com
                              Primary Email: kmwong@smithcurrie.com
                              Secondary Email: lcherubin@smithcurrie.com
                              Secondary Email: cgare@smithcurrie.com
                              *Attorneys for Defendant, Travelers*
                              *Casualty and Surety Company of*
                              *America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of August 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and the foregoing is being served on counsel for Plaintiff by placing a copy of same in the U.S. Mail with appropriate postage affixed thereto to ensure delivery, addressed as follows:

Wm. Cary Wright, Esq.
Florida Bar No. 862797
Brian T. Allen, Esq.
Florida Bar No. 1031200
CARLTON FIELDS, P.A.
4221 West Boy Scout Blvd., Suite 1000
Tampa, Florida 33607-5780
Phone: (813) 229-4135
cwright@carltonfields.com
ballen@carltonfields.com
jrenaud@carltonfields.com
ddickey@carltonfields.com
tpaecf@carltonfields.com
***Attorneys for Chet Morrison Contractors, LLC***

A courtesy copy is also being emailed to Plaintiff's lead counsel on this 1st day of August 2024.

**SMITH CURRIE OLES LLP**

*/s/ Brian A. Wolf*
**Brian A. Wolf, Esq.**
Florida Bar No. 983683
**Christopher M. Horton, Esq.**
Florida Bar No. 91161
**Kayla M. Wong, Esq.**
Florida Bar No. 1049562

8